Gladys A. BENNIE, Individually,
Appellant,

v.

Kenneth PASTOR and Marilyn Pastor,
his wife, Appellees.

No. 9654.

United States Court of Appeals
Tenth Circuit.

April 8, 1968.

Quincy D. Adams, of Adams & Pongetti, Albuquerque, N. M., for appellant.

Mary C. Walters, of Toulouse, Ruud, Gallagher & Walters, Albuquerque, N. M., for appellees.

Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

The appellees-plaintiffs sued to recover for personal injuries received by Marilyn Pastor and for medical expenses incurred by her husband Kenneth. Marilyn was injured in an Albuquerque, New Mexico, intersectional automobile accident when the car which she was driving was hit by one driven by Donna Bennie, the minor daughter of appellant-defendant Gladys Bennie. The case was filed in state court and removed to federal court on diversity grounds.

The accident occurred on March 4, 1962. The district court found that the negligence of Donna was the sole proximate cause of the accident and that Gladys was liable under the New Mexico family purpose doctrine. The car owned by Kenneth Pastor was damaged in the amount of $308.79. On March 23, 1962, an adjuster for the company which carried Gladys Bennie's liability insurance paid the Pastors the amount of the car damage and they executed a "Release of All Claims" which included personal injuries and medical expenses. Several weeks later Marilyn Pastor developed back pains and consulted doctors. Eventually she underwent two laminectomy operations.

The complaint as originally filed in state court joined Gladys and Donna Bennie as defendants. Donna was never served with process. The district court found that she was last heard from in the Republic of Mexico some three years before the 1966 trial. Gladys moved to dismiss on the ground that Donna was an indispensable party and the court denied the motion. After trial without a jury, the court found that the release was no bar to the action and that the accident was the proximate cause of Marilyn's injuries.

The question of the indispensability of Donna as a party is intermixed with the defense that the release bars the action but the procedural point should be met first. Donna was made a party but, under the uncontested finding of the trial court, she was not, and cannot be, served because her whereabouts are unknown.

The release executed by the plaintiff purports to exonerate both Gladys and Donna from liability. Gladys argues that the release cannot be set aside as to her and not as to Donna, and that since the release cannot be set aside as to Donna

who is not before the court, the action must fail.

Rule 19, F.R.Civ.P., on joinder of parties was amended in 1966 and was recently discussed at length by the Supreme Court in Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936. The material provisions of the amended rule are found in its subsection (b) which reads:

"If a person as described in subdivision (a) (1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

In the Provident case, the Court of Appeals held[1] that the indispensable party doctrine is substantive rather than procedural and is beyond the reach of Rule 19. The Supreme Court reversed, saying that Rule 19(b) is "a valid statement of the criteria for determining whether to proceed or dismiss in the forced absence of an interested person."[2] These criteria were established in Shields v. Barrow, 58 U.S. (17 How.) 129, 130, 139, 15 L.Ed. 158, where the Court said that indispensable parties were

"persons who not only have an interest in the controversy, but an interest of

such a nature that a final decree cannot be made without either affecting that interest or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience."

In Provident the Court commented that the Shields v. Barrow generalizations are valid today, are consistent with Rule 19, but "are not a substitute for the analysis required by that Rule."[3]

Rule 19 says that the court "shall determine whether in equity and good conscience the action should proceed among the parties before it," and that the factors to be considered in making that determination include (1) the extent of prejudice to the absent party or those already parties, (2) the extent to which prejudice might be lessened by protective provisions in the judgment, (3) the adequacy of the judgment rendered in the person's absence, and (4) the adequacy of the plaintiff's remedy if the action is dismissed for nonjoinder.

In the case at bar the liability of Gladys is derivative under the New Mexico family purpose doctrine. If she is held liable, she may recoup from her agent Donna. The release was given to both Gladys and Donna. A rejection of the release as a defense for Gladys does not decide its validity in an action to which Donna is a party. Conceivably, in an action by Gladys against Donna the release might be held good as to Donna and Gladys would be prejudiced. On the other hand, if payment of the judgment by Gladys suffices to sustain recovery by her against her agent, Donna will have lost her day in court. We are aware of no protective provisions which might be written into the judgment which would avoid the prejudice. Under the literal wording of the Provident opinion, the action should be dismissed.[4]

Dismissal would leave the plaintiffs without a remedy because Donna cannot

1. Provident Tradesmens Bank & Trust Co. v. Lumbermens Mutual Casualty Co., 3 Cir., 365 F.2d 802, 805.

2. 88 S.Ct. at 746.

3. 88 S.Ct. at 746.

4. The Supreme Court said: "One basis for dismissal is prejudice to the rights of an absent party that 'cannot' be avoided in

be found. Thus, a conflict exists between two of the criteria which the Rule says must be considered in determining whether in equity and good conscience the suit should be dismissed. We believe that this conflict may be resolved by recognition of other factors.

This is a removed case and in matters of procedure federal law applies.[5] On matters of substance state law controls.[6] In Downer v. Southern Union Gas Co., 53 N.M. 354, 208 P.2d 815, 816–817, the New Mexico Supreme Court held that an action against a master purportedly exonerated by a release could proceed in the absence of the servant who was relieved of liability by the same release.[7] The court said that the only issue was the validity or invalidity of the defense of release as to the master, the sole defendant in the action. Thus, in New Mexico rights under a release such as we have here are individual rather than joint. This means that if the action had not been removed to federal court the plaintiffs could have proceeded against Gladys alone and would not be faced with the problem of the indispensability of Donna.

This brings into play the "outcome-determinative" test which was established by the Supreme Court in Guaranty Trust Co. of N. Y. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 1470, 89 L.Ed. 2079, where it said:

"* * * in all cases where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in the federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court."

We recognized the Guaranty Trust rule in Berger v. State Farm Mutual Automobile Ins. Co., 10 Cir., 291 F.2d 666, 668, when we said:

"In a diversity suit, a federal court is but another local forum and the right to recover is measured by the law of the state."

Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8, held that service of process in a diversity case must comply with the federal rules and said that "housekeeping" rules for federal courts control "even though some of those rules will inevitably differ from comparable state rules."[8] At the same time the Court again recognized the "outcome-determinative" test.[9]

In Provident the Court commented that the indispensability cases "demonstrate close attention to the significant pragmatic considerations involved in the particular circumstances, leading to a resolution consistent with practical and creative justice."[10] It also said that although the question of joinder is one of federal law, "state-law questions may arise in determining what interest the outsider actually has."[11] In the case at

---

the issuance of a final decree. Alternatively, if the decree can be so written that it protects the interests of the absent persons, but as so written it leaves the controversy so situated that the outcome may be inconsistent with 'equity and good conscience,' the suit should be dismissed." 88 S.Ct. at 746.

5. Indispensability must be determined by federal rather than local law. See De-Korwin v. First Nat. Bank of Chicago, 7 Cir., 156 F.2d 858, 860, cert. denied 329 U.S. 795, 67 S.Ct. 481, 91 L.Ed. 680.

6. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188.

7. The defendant attempts to distinguish the Downer case on the ground that in it the release was attacked on the ground of fraud whereas here the attack is based on mutual mistake. The argument is without merit because Downer addresses itself to the invalidity of the release on any grounds. See 208 P.2d at 817.

8. 380 U.S. at 473, 85 S.Ct. at 1145.

9. See 380 U.S. at 467, 85 S.Ct. 1136.

10. 88 S.Ct. at 743 n. 16.

11. 88 S.Ct. at 746 n. 22. See also Dunham v. Robertson, 10 Cir., 198 F.2d 316, 319; Kroese v. General Steel Castings Corp., 3 Cir., 179 F.2d 760, 761 n. 1, 15 A.L.R. 2d 1117, cert. denied 339 U.S. 983, 70

bar the state law is that the presence of the absent agent is not essential to the determination of the validity of the release as a bar to the action against her mother. The "outcome-determinative" test is a factor which must be considered, and in the circumstances of this case yields strong support to the rejection of the indispensability argument. In addition, pragmatic considerations convince us that the action should proceed without regard to possible prejudice to the insured defendant or her absent daughter.[12] We agree with the district court that neither equity nor good conscience requires the dismissal of the suit.

The district court set aside the release so far as Gladys is concerned on the ground that there was a mutual mistake of fact. The release was based on adequate consideration, the amount of damage to the plaintiffs' car. It covered, and was intended by the insurance adjuster to cover, personal injuries and medical expenses. The mutual mistake arose from the fact that at the time of execution of the release neither the plaintiffs nor the adjuster realized that Marilyn Pastor was injured.

█ In New Mexico the law is clear that mutual mistake as to the extent of a known injury is not sufficient ground for setting aside a release. See Moruzzi v. Federal Life & Casualty Co., 42 N.M. 35, 75 P.2d 320, 332, 15 A.L.R. 407; Mendenhall v. Vandeventer, 61 N.M. 277, 299 P.2d 457, 460; and Smith v. Loos, N.M.

Ct.App., 78 N.M. 339, 431 P.2d 72, 77, cert. denied by N.M.Sup.Ct., 78 N.M. 337, 431 P.2d 70. The cases so holding carefully distinguish between the unexpected severity of a known injury and the lack of awareness of any injury at the time of the execution of the release. In Mendenhall the court noted that reformation could not be had on the ground of mistaken prognosis as to chances of recovery from a known injury, which it distinguished from mistaken diagnosis of existence of injury.[13] In Smith v. Loos, the court followed the distinction between aggravation of known injuries and discovery of unknown injuries.[14]

█ Although the New Mexico cases do not affirmatively say that reformation will be allowed when the existence of injury is unknown at the time of release, they do not negative that principle. The majority rule is that mutual mistake as to the existence of injuries is sufficient to avoid a release.[15] Here the record shows, and the court found, that at the time of the release Marilyn Pastor believed that she had sustained no personal injuries and so advised the adjuster. We believe that the mutual mistake as to the existence of the injury is sufficient to avoid the release.

█ The remaining question relates to the sufficiency of the evidence to sustain the district court's finding that Marilyn Pastor's back injuries were proximately caused by the accident. We have review-

S.Ct. 1026, 94 L.Ed. 1386; Jett v. Zink, 5 Cir., 362 F.2d 723, 726, cert. denied 385 U.S. 987, 87 S.Ct. 600, 17 L.Ed.2d 448. And see Boeing Airplane Co. v. Perry, 10 Cir., 322 F.2d 589, 591, cert. denied 375 U.S. 984, 84 S.Ct. 516, 11 L.Ed.2d 472, in which it was held that the plaintiff might sue as real party in interest without joining other possibly interested parties where state law vested the exclusive right to sue in that plaintiff.

12. Appellant contended in her briefs on appeal that proceeding without joining Donna may violate the due process clause. We need not consider this argument because, so far as the record shows, it was not raised before the trial court. In any

event, there is no showing that invalidating the release will take Gladys' property without due process, or Donna's property without due process. It might instead simply result in liability of an insurer responsible for the acts of either.

13. See 299 P.2d at 460–461.

14. See 431 P.2d at 76–78.

15. Compare Tulsa City Lines, Inc., v. Mains, 10 Cir., 107 F.2d 377, and Evans v. S. J. Groves & Sons, 2 Cir., 315 F. 2d 335, 340, with Noble v. Farris, 1 Cir., 221 F.2d 950. See also 76 C.J.S. Release § 25a.

ed the record and are convinced that the finding is supported by substantial evidence. Certainly, we cannot say that it is clearly erroneous.

Affirmed.