**FEDERAL RESOURCES CORPORA-TION, Appellant,**

v.

**The SHONI URANIUM CORPORATION, Appellee.**

**No. 7–68.**

United States Court of Appeals
Tenth Circuit.

March 28, 1969.

---

C. Keith Rooker, Salt Lake City, Utah (Leonard J. Lewis and Dale A. Kimball, Salt Lake City, Utah, on the brief), for appellant.

Henry A. Burgess, Sheridan, Wyo., for appellee.

Before LEWIS, HILL and SETH, Circuit Judges.

DAVID T. LEWIS, Circuit Judge.

This case, procedurally authorized as an interlocutory appeal under 28 U.S.C. § 1292(b), probes a determination by the United States District Court for the District of Wyoming that the court had and should exercise diversity jurisdiction on an alleged claim initiated by The Shoni Uranium Corporation (Shoni) against Federal Resources Corporation (Federal). We reverse, holding that the trial court should have dismissed the action under the pragmatic dictates of Rule 19(b), Fed.R.Civ.P.

Shoni is a Wyoming corporation and owns some unpatented mining claims located in Fremont and Natrona Counties, Wyoming. In 1959 Shoni entered into a contract with Vitro Minerals Corporation wherein Vitro was granted certain exploration and development rights in the subject properties and Shoni received a cash consideration and retained designated royalty rights. In 1963, all of Vitro's contractual rights were ob-

tained by a Wyoming general partnership designated as Federal-Radorock-Gas Hills Partners (the partnership). Still later, the partnership consummated a contract with the Atomic Energy Commission to permit the sale of uranium concentrate through the year 1970 pursuant to an AEC allocation to all the partnership's Wyoming mining claims including those held under the Shoni contract.

Federal is a corporation organized under the laws of Nevada [1] and is the managing partner of Federal-Radorock-Gas Hills Partners in the performance of the AEC contract. American Nuclear Corporation,[2] a Colorado company with its principal place of business in Wyoming, is the other partner. The nonjoinder of American Nuclear in this litigation premises the result of our decision.

Shoni now alleges in its complaint that Federal has unjustly enriched itself in the amount of $1,992,000 by unfairly administering the AEC-partnership contract by filling the AEC allocation of uranium ore through mining its own properties and thereby depriving Shoni of a valuable property right in the form of royalties and other benefits. An AEC allocation, which is determined by the quantity of uranium ore estimated by the owner or lessee to exist upon the subject properties, entitles the holder thereof to mine from any of the properties subject to the allocation of a specific amount of uranium oxide each year for a limited period of years.

■ In Provident Bank v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936, Mr. Justice Harlan has set out many specific and general guidelines for the method of applying the procedural aspects of Rule 19. In *Provident*, as here, the federal court could not provide a forum that could adjudicate with finality the rights of all interested persons. American Nuclear or the partnership could not be joined without destroying diversity and accordingly the problem must be considered as "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable." Rule 19(b). But unlike *Provident*, we here must consider the equities as they now exist at the trial level and need not consider the obvious change of circumstance that follows the entry of a judgment obtained after extensive litigation. Since Rule 19(b) is one of procedure we are concerned with federal law in determining the rule's proper application. Bennie v. Pastor, 10 Cir., 393 F.2d 1.

■■ Shoni's claim against Federal springs from an alleged breach of the contract between Shoni and the partnership. There is no direct contractual relation between Shoni and Federal nor is claim made that Federal had any sole obligation to perform the contract. The partnership is a Wyoming legal entity, the alleged breach of contract occurred in Wyoming, and the law of Wyoming is the substantive law of the case. Both Federal and American Nuclear are immediately subject to service in the state court as well as the partnership itself. It is apparent that Shoni not only has a satisfactory alternative forum available but one which can, in Mr. Justice Harlan's words, provide the "optimum solution, an adjudication of the permission question that would be binding on all interested persons." *Provident*, supra at

---

1. Federal's principal place of business is in dispute. The trial court found such place to be Utah, the so-called nerve center of the company, in apparent reliance on this court's decision in United Nuclear Corp. v. Moki Oil & Rare Metals Co., 364 F.2d 568, *cert. denied*, 385 U.S. 960, 87 S.Ct. 393, 17 L.Ed.2d 306. However the trial court also found that "the partnership is the principal business activity of defendant. Substantially all its net income during the last fiscal year was derived from the operations of the partnership which owns property and does business only in the State of Wyoming." Our disposition of the case makes it unnecessary to consider this issue.

2. Formerly Gas Hills Uranium Company.

108, 88 S.Ct. at 737. To obtain this result is the very purpose of Rule 19 and reflects the true interest of all litigants, both state and federal courts, and, indeed, the public itself. Legal controversies should be settled, when possible, in whole and not through multiple litigation.

■■ Shoni asserts that although its claim lies for breach of the partnership contract the liability therefor is several as it applies to Federal under applicable Wyoming law. If this be so, it supplies an additional reason for dismissal of the action. Federal has a real reason for seeking avoidance of sole responsibility for a liability it shares with American Nuclear. *See Provident*, supra at 110, 88 S.Ct. 733. With possible exceptions not here applicable, the liability of partners for the obligations of the partnership under the Uniform Partnership Act, which is the law of Wyoming, may be several but is also joint.

■ Finally, should Shoni succeed in obtaining a judgment against Federal we can conceive of no modification of that judgment that could reasonably or rationally protect American Nuclear from the economic prejudice of such a judgment. Under Wyoming law a valid judgment against one of two partners may be executed against the partnership property although neither the partnership nor the remaining partner was joined in the suit. L. C. Jones Trucking Co. v. Superior Oil Co., 68 Wyo. 384, 234 P.2d 802. American Nuclear might here be economically wiped out without ever having a day in court.

We conclude that the provisions of Rule 19(b) as exposed and explained in *Provident* require a dismissal of this action and we adopt, in summation, the statement of Chief Judge Aldrich, reaching a similar result for similar reasons in Stevens v. Loomis, 1 Cir., 334 F.2d 775, at 778:

> "It is true that the effect of the dismissal of the action is to deny this plaintiff the benefits of diversity jurisdiction, and that it has sometimes been said that federal courts 'will strain hard' to support diversity jurisdiction in the application of Rule 19. [citations omitted.] However, we are shown nothing in the case at bar to make us believe that this factor, if important, is as important as relegating the parties to a jurisdiction, the existence of which has not been denied, where full workable and reasonable relief may be granted. This has been the customary result in similar situations, whether the absent beneficiaries were termed indispensable or otherwise."

The case is remanded to the district court with instructions to dismiss the action without prejudice.