Raymond YOUNG

v.

UNITED STEELWORKERS OF AMERICA.

Civ. A. No. 42695.

United States District Court
E. D. Pennsylvania.

Dec. 31, 1969.

Francis A. Ferrara, Chester, Pa., for plaintiff.

Albert B. Gerber, Philadelphia, Pa., for defendant.

OPINION

LUONGO, District Judge.

Plaintiff instituted this suit under § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, seeking

to recover damages from his union for allegedly unfairly representing him grievance proceedings with his former employer. Defendant union has moved to dismiss the complaint under rules 12(b) and 19,[1] F.R.Civ.P., for failure to join an "indispensable" party and for failure to state a claim upon which relief can be granted.

As to the "indispensable" party ground, union contends that plaintiff's grievance was that the employer had discharged him in violation of its collective bargaining agreement with union; that it was the employer who caused the harm to plaintiff; that complete relief cannot be accorded in employer's absence; that the employer is, therefore, an "indispensable" party under Rule 19(a) and since employer has not been joined in this action, the complaint must be dismissed. In support of this position, union relies upon Provident Tradesmens Bank and Trust Co. v. Lumbermens Mutual Cas. Co., 365 F.2d 802 (3d Cir. 1966), but that decision was reversed by the United States Supreme Court *sub nom.* Provident Tradesmens Bank and Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968). In a unanimous opinion, the Supreme Court ruled that, assuming the absence from an action of a person who should be joined under Rule 19(a), the court must nevertheless determine, under 19(b), whether dismissal is appropriate.

Rule 19(b) provides that if a person who should be joined under 19(a) cannot be joined, the court must determine "whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the *absent person being thus regarded as indispensable.*" [2] (Emphasis supplied.) The determination must be made with due regard to (1) the extent to which the judgment might be prejudicial to the absent person; (b) the extent to which that prejudice might be lessened or avoided by shaping the relief; (c) whether the judgment rendered in that person's absence will be adequate; and (d) "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

■ At oral argument it was represented to the court by counsel for both sides that the employer cannot now effectively be joined because the Statute of Limitations has run on plaintiff's claim against it. It appears, therefore, that if the present action were to be dismissed for non-joinder of the employer, plaintiff would be left with *no* remedy, let alone an *adequate* remedy. As for the absent employer, it has not been pointed out how it will be prejudiced by

---

1. Rule 19 provides, in pertinent part:
   "*Joinder of Persons Needed for Just Adjudication*
   (a) *Persons to be Joined if Feasible.*
   A person * * * shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties * * *.
   (b) *Determination by Court Whenever Joinder not Feasible.* If a person as described in subdivision (a) (1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder."

2. The term "indispensable" is conclusory. A person is described as "indispensable" only after a court has decided that the action should be dismissed in the interest of justice because of the absence of a person who should be joined if feasible under Rule 19(a). Provident Tradesmens Bank and Trust Co. v. Patterson, supra. See also, Notes of Advisory Committee on Federal Rules of Civil Procedure.

any judgment for damages which might be rendered against union in this action. Under the circumstances, giving due consideration to the provisions of Rule 19(b), defendant's motion to dismiss for non-joinder will be denied.

In the foregoing discussion I have assumed, arguendo, the absence of a person who should have been joined under Rule 19(a), but I am not at all convinced that employer fits into that category. Union contends that Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) *requires* that the employer be joined in a § 301 suit against a union. Nothing in the Court's opinion indicates to me that the employer *must* be joined. The Court does state that the employer "may be and probably should be) joined," supra at page 197, 87 S.Ct. at p. 920, to enable the Court to fashion appropriate relief, but this, I take it, was intended to apply to those cases in which the Court's decree would have an effect upon the future conduct of the employer and the union.

Vaca v. Sipes held that the union is not liable for damages caused by the employer's breach of the collective bargaining agreement,[3] but that it is severally liable for those damages attributable to the union's failure to represent fairly its members in grievance proceedings. Allocation of the damages attributable to union fault may present a difficult problem of proof, but it is by no means insurmountable. The task will probably be no more difficult in the absence of the employer than it would be if the employer were a party to the action. In any event, difficulty of proof is a matter of concern for the plaintiff, not for the defendant.

The other ground for dismissal urged by defendant is that, to state a claim under § 301, plaintiff must allege that the union officials acted in an arbitrary and discriminatory fashion or in bad faith in processing his grievance against his employer. Vaca v. Sipes, *supra*. The complaint here alleges that the defendant acted "with wilful and wanton recklessness", "carelessness", and "gross negligence". Plaintiff argues that these terms sufficiently charge bad faith, but if plaintiff intends to charge the union with acting arbitrarily, discriminatorily or in bad faith, he should do so clearly and unmistakably. Because the defect is so easily correctable, I will deny defendant's motion to dismiss on condition however that, within twenty days, plaintiff files an amended complaint making the requisite charges specifically and clearly. If plaintiff fails to file an amended complaint, it will be assumed that he cannot, in good conscience, make those charges and I will then entertain a renewed motion to dismiss for failure to state a claim.

## ORDER

And now, this 31st day of December, 1969, it is ordered that defendant's Motion to Dismiss for Nonjoinder be and it is hereby Denied. It is

Further ordered that defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted, be and it is hereby denied upon condition that, within twenty (20) days, plaintiff shall file an amended complaint in accordance with the foregoing Opinion.

---

3. The complaint here seeks all earnings lost by plaintiff since he was discharged by his employer. This same allegation proved fatal in Vaca v. Sipes, supra, since there was no attempt to allocate damages between the employer and the union at trial. Plaintiff here is entitled to the opportunity to prove what damages can properly be attributed to the union's alleged misconduct. It would be inappropriate to grant a motion to dismiss because plaintiff claims in his complaint that *all* of his damages were caused by the union's alleged misconduct.