**GULF INSURANCE COMPANY,**
Plaintiff,

v.

**Jack LANE, Administrator of the Estate of Harold Roy Hawkins, Deceased, et al., Defendants.**

Civ. No. 71–298.

United States District Court,
W. D. Oklahoma.

July 2, 1971.

James D. Foliart, and George W. Dahnke of Foliart, Shepherd, Mills & Niemeyer, Oklahoma City, Okl., for plaintiff.

B. J. Cooper, of Rinehart, Cooper & Stewart, Oklahoma City, Okl., for defendant Jack Lane.

John R. Couch, and Melvin F. Pierce, of Pierce, Duncan, Couch & Hendrickson, Oklahoma City, Okl., for defendant Westchester Fire Ins. Co.

Tom S. Williams, pro se.

## MEMORANDUM OPINION AND ORDER

EUBANKS, District Judge.

This diversity declaratory judgment action to interpret an automobile liability insurance policy issued by the plaintiff arises out of an automobile collision in which three persons were killed and three minor children were injured. The vehicles were being driven by Edward Lee Beard and Harold Roy Hawkins. Both were killed. Betty Lee Hawkins, wife of Harold Roy Hawkins was also killed and their three minor children were injured in the collision.

Defendant Jack Lane was appointed administrator of the estates of Harold Roy Hawkins and Betty Lee Hawkins and guardian of the person and the estate of the three minor children, Guy Matthew Hawkins, Terry Lynn Hawkins, and Roy Neal Hawkins. Defendant Tom S. Williams of Oklahoma City, Oklahoma, and one Hazel Beard, surviving spouse of Edward Lee Beard and a resident of Abilene, Texas, were appointed co-administrators of the estate of Edward Lee Beard. They signed the necessary oaths but Hazel Beard did not, as a non-resident administrator, appoint a resident agent for the service of process as required by law.

On April 8, 1971, defendant Jack Lane, in his capacity as administrator of the estates of Harold Roy Hawkins and Betty Lee Hawkins and as guardian of their aforesaid children, commenced two wrongful death actions and a personal injury action in the District Court of Oklahoma County, Oklahoma, Case Nos. CJ–71–1170, CJ–71–1171 and CJ–71–1172, naming as defendants in said actions Tom S. Williams and Hazel Beard, joint administrators of the estate of Edward Lee Beard, deceased. Each petition alleges that the aforesaid collision was solely and proximately caused by the negligence of Edward Lee Beard, deceased, and prays for money judgment against his estate.

The complaint herein alleges that the estate of Edward Lee Beard has made demand upon the plaintiff herein to assume the defense and to pay any judgment which might be rendered against said estate in the aforesaid state cases. The complaint further alleges that defendant Westchester Fire Insurance Company had issued an automobile liability policy to Edward Lee Beard which was in full force and effect at the time of the aforesaid collision by reason of which said defendant Westchester is obligated to defend the estate of Edward Lee Beard in the state court actions but that said defendant Westchester has refused to acknowledge its coverage and to perform its obligations thereunder claiming that the duty to defend said state court actions and to pay any judgments rests upon the plaintiff herein. The complaint further alleges that plaintiff herein is not so obligated for the reason that Edward Lee Beard, deceased, was not an insured under its policy at the time and place of said collision. The plaintiff prays for a judgment declaring the rights and obligations of the parties herein and for a judgment declaring that plaintiff is not obligated to defendant or to pay any judgments which might be rendered against the estate of Edward Lee Beard in the state court actions.

Plaintiff herein is incorporated under the laws of the State of Missouri, but its principal place of business is in the State of Texas. Hazel Beard, co-administrator of the estate of Edward Lee Beard, is a citizen of the State of Texas. She is not joined in this action. Thus the defendants herein challenge the jurisdiction of the Court alleging "indispensable" party under Rule 19 F.R.Civ.P., 28 U.S.C.A., Supplement, and that, since her joinder would defeat diversity jurisdiction, this Court is obligated to dismiss this action. The motion for dismissal was overruled on June 10, 1971, and defendants have now moved for reconsideration.

Rule 19 was amended in 1966. The Rule as amended is lengthy. Prior to amendment the Rule was styled "Necessary Joinder of Parties." Upon amendment it was styled "Joinder of Persons Needed for Just Adjudication." The change was significant. Prior to the amendment, the Rule equated the word "indispensable" with the expression "having a joint interest." The amended Rule eliminates the "joint interest" requirement.

The Notes of Advisory Committee on Rules, 28 U.S.C.A., Rule 19, read, in pertinent part as follows:

Whenever feasible, the persons materially interested in the subject of an action * * * should be joined as parties so that they may be heard and a complete disposition made. When this comprehensive joinder cannot be accomplished * * * the case should be examined pragmatically and a choice made between the alternatives of proceeding with the action in the absence of particular interested persons, and dismissing the action.

Even if the court is mistaken in its decision to proceed in the absence of an interested person, it does not by that token deprive itself of the power to adjudicate as between the parties already before it through proper service of process. But the court can make a legally binding adjudication only between the parties actually joined in the action. It is true that an adjudication between the parties before the court may on occasion adversely affect the absent person as a practical matter, or leave a party exposed to a later inconsistent recovery by the absent person. These are factors which should be considered in deciding whether the action should proceed, or should rather be dismissed; but they do not themselves negate the court's power to adjudicate as between the parties who have been joined.

* * * Textual defects * * * (3) The use of "indispensable" and "joint interest" in the context of original Rule 19 directed attention to the tech-

nical or abstract character of the rights or obligations of the persons whose joinder was in question, and correspondingly distracted attention from the pragmatic considerations which should be controlling.

The 1966 Amendment did away with the traditional categories of "indispensable" and "necessary". It substitutes instead a pragmatic test for whether an action should be allowed to proceed in the absence of a party whose joinder would be desirable for a just adjudication.

The Committee observed that where a person cannot be joined, such as where his joinder would deprive the Court of jurisdiction of the subject matter,

\* \* \* the Court is to determine whether in equity and good conscience the action should proceed among the parties already before it, or should be dismissed. That this decision is to be made in the light of pragmatic considerations has often been acknowledged by the courts. See Roos v. Texas Co., 23 F.2d 171 (2nd Cir. 1927), cert. denied, 277 U.S. 587 [48 S.Ct. 434, 72 L.Ed. 1001] (1928); Niles-Bement-Pond Co. v. Iron Moulders Union, 254 U.S. 77, 80 [41 S.Ct. 39, 65 L.Ed. 145] (1920). The subdivision sets out four relevant considerations drawn from the experience revealed in the decided cases. The factors are to a certain extent overlapping and they are not intended to exclude other considerations which may be applicable in particular situations.

Rule 19 was explicated by the Supreme Court in Provident Tradesmens Bank & Trust Co. v. Patterson, (1968) 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936, which case, like the case at bar, had its origin in an automobile collision. There the vehicles were being driven by one Cionci and one Smith. Both were killed in the collision. Cionci was driving a vehicle owned by one Dutcher. A passenger in Cionci's vehicle, one Lynch, also was killed and another passenger, one Harris, was injured. Provident Tradesmens Bank was appointed administrator of the estate of Lynch and brought a diversity action against the estate of Cionci. The action was settled but payment was not made because Cionci's estate was penniless. Tort actions had been brought by Smith's administratrix and by Harris in State Court naming the estate of Cionci, the estate of Lynch, and Dutcher but these actions had not been tried.

Lumbermens Mutual had declined to defend the action brought by Provident Tradesmens Bank against Cionci's estate contending that Cionci was not driving the vehicle with the permission of Dutcher and therefore was not covered by its policy. Following settlement of the action against the estate of Cionci, Provident Tradesmens Bank brought a diversity action for a declaratory judgment that Cionci's use of the vehicle owned by Dutcher had been "with permission" of Dutcher, and was therefore within the coverage of the policy issued by Lumbermens Mutual to Dutcher, joining the other two tort plaintiffs as plaintiffs, and naming Lumbermens Mutual and the estate of Cionci as defendants. Dutcher was not joined as a party inasmuch as his joinder would have destroyed diversity jurisdiction.

The Court of Appeals, Third Circuit, 365 F.2d 802, held that Dutcher was an "indispensable party" in whose absence the action could not be maintained. On certiorari, the Supreme Court, disapproved the "inflexible approach" of the Court of Appeals and reversed, saying:

Concluding that the inflexible approach adopted by the Court of Appeals in this case exemplifies the kind of reason that the Rule was designed to avoid, we reverse.

The opinion noted at the outset that Dutcher was within the category of persons who should be "joined if feasible" under Rule 19 in that he faced the possibility of judgments against him and therefore had an interest in having the liability policy preserved to cover such

potential liability. There was the possibility that a judgment might impede his ability to protect his interest or lead to later relitigation by him.

The Court observed Rule 19 says that the court "shall determine whether in equity and good conscience the action should proceed among those parties before it," and that the factors to be considered by the Court in making that determination include [1] the extent of prejudice to the absent party or those already parties, [2] the extent to which prejudice might be lessened by protective provisions in the judgment, [3] the adequacy of the judgment rendered in the person's absence, and [4] the adequacy of the plaintiff's remedy if the action is dismissed for nonjoinder.

Mr. Justice Harlan, speaking for a unanimous Court, first noted the interest of the plaintiff and said:

First, the plaintiff has an interest in having a forum. Before the trial, the strength of this interest obviously depends upon whether a satisfactory alternative forum exists. * * * Second, the defendant may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another. 390 U.S. pp. 109–110, 88 S.Ct. p. 738.

Likewise in the case at bar the plaintiff has a right to a forum. Declaratory judgment relief is not available to the plaintiff in the state courts of Oklahoma. The Oklahoma Declaratory Judgment Act expressly provides that "no such declaration shall be made * * * concerning obligations alleged to arise under policies of insurance covering liability or indemnity against liability" for injuries. 12 O.S.A. 1651. A Texas forum is not available to the plaintiff because defendant Jack Lane, the tort claimant, is not subject to suit in Texas. Moreover, if the theory advanced herein by the defendants be correct, the estate of Edward Lee Beard would not be subject to suit absent

appointment of a resident agent by co-administrator Hazel Beard for service of process. In short, the plaintiff herein has no other forum available and plaintiff's right to a forum militates against the dismissal of the action at hand. The cases wherein the courts, upon a consideration of this factor favored dismissal, are, in the main, instances wherein the plaintiffs had "a satisfactory alternative forum available." Federal Resources Corp. v. Shoni Uranium Corp., CA 10 (1969) 408 F.2d 875.

The interest of the defendant must also be considered. He "may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility for a liability he shares with another," said Mr. Justice Harlan in *Provident*, supra. It does not appear, in the case at bar, that the defendants will be subjected to multiple litigation, or inconsistent relief or sole responsibility for a liability shared with another; rather, it appears that multiple and inconsistent litigation can be reduced substantially or eliminated completely by nondismissal of this action.

The Court must weigh the interest of the outsider whose joinder is allegedly needed for a just adjudication. Speaking of this factor in *Provident*, supra, the Court said:

Third, there is the interest of the outsider whom it would have been desirable to join. Of course, since the outsider is not before the court, he cannot be bound by the judgment rendered. This means, however, only that a judgment is not res judicata as to, or legally enforceable against, a nonparty. It obviously does not mean either (a) that a court may never issue a judgment that, in practice, affects a nonparty or (b) that (to the contrary) a court may always proceed without considering the potential effect on nonparties simply because they are not 'bound' in the technical sense. Instead, as Rule 19(a) expresses it, the court must consider

the extent to which the judgment may 'as a practical matter impair or impede his ability to protect' his interest in the subject matter.

In the case at bar it appears that the interests of the outsider, Hazel Beard, will be fully protected herein through the presence of Tom S. Williams, co-administrator. She will not be bound personally by any judgment which may be rendered herein and the judgment can be shaped for the protection of her personal interest, if any. This factor also militates against dismissal.

There remains the factor of "whether a judgment rendered in the person's absence will be adequate." In *Provident,* supra, the Court said:

Fourth, there remains the interest of the courts and the public in complete, consistent, and efficient settlement of controversies. We read the Rule's third criterion, whether the judgment issued in the absence of the nonjoined person will be "adequate," to refer to this public stake in settling disputes by wholes, whenever possible, for clearly the plaintiff, who himself chose both the forum and the parties defendant, will not be heard to complain about the sufficiency of the relief obtainable against them.

Non-dismissal of the action herein will make for the settlement of the dispute as a whole. The estate of Edward Lee Beard is fully and competently represented by the presence of co-administrator Tom S. Williams in this action. The pertinent statute provides that "when there are two executors or administrators, the act of one alone shall be effectual, if the other is absent from the state." 58 O.S.A. 107. He is an experienced practitioner at the bar of this Court and in the state courts. He is the court-appointed co-administrator of the estate of Edward Lee Beard, with all of the attendant duties as a fiduciary which the appointment entails. He is responsible to the state court for the faithful performance of his trust. No reason is suggested why he will not fully, faithfully, and ably perform his duties in representing the interest of the estate of Edward Lee Beard equally as if his co-administrator Hazel Beard were joined herein. There exists the possibility that if this action be dismissed multiple and piecemeal litigation in numerous jurisdictions with the further possibility of inconsistent holdings could result.

In Broussard v. Columbia Gulf Transmission Co., CA 5 (1968) 398 F.2d 885, the Court said:

The new Rule 19 is designed to ameliorate the catechistic distinction between the 'necessary' and 'indispensable' parties, which at some time subordinated logic and reality to historical encrustations. Under the present rule pragmaticals are to be the solvents of joinder problems, replacing former rigid terminological descriptions of parties. We are not to be pinioned by categorical imperatives. Instead, the effect of parties and on the litigation process is to be the fulcrum of decision.

The "pragmaticals" in the case at bar militate against dismissal. This case is even stronger than Bennie v. Pastor, CA 10 (1968) 393 F.2d 1, wherein the Court found that two of the "factors" enumerated in Rule 19(b) militated in favor of dismissal but held that the trial court properly denied dismissal, since to do so would have left the plaintiff without a remedy. Circuit Judge Breitenstein speaking for the Court said:

The "outcome-determinative" test is a factor which must be considered, and in the circumstances of this case yields strong support to the rejection of the indispensability argument. In addition, pragmatic considerations convince us that the action should pro-

ceed without regard to possible prejudice to the insured defendant * *. We agree with the district court that neither equity nor good conscience requires the dismissal of the suit. p. 5

The case at hand is illustrative of those cases which arise where, due to the jurisdictional limitations of the Federal Courts, it may be questioned whether it is possible to do complete justice because of the absence of a party whose presence is desirable. If the suit be dismissed, a possible wrong may be done to the plaintiff. If the suit be not dismissed, a possible wrong may be done to the absent party. In that situation the pragmaticals are the solvents. The pragmaticals-practicalities, equity and good conscience dictate against dismissal of the case at bar.

As above indicated the motion to dismiss was overruled on June 10, 1971. That was done by a brief minute order with notation that memorandum opinion would follow. The reason for such procedure was that plaintiff had been restrained from proceeding with discovery until the motion to dismiss was decided. Thereafter and on June 14, 1971, Jack Lane as Administrator and Guardian moved the Court to reconsider its order of June 10, 1971. This order will serve the dual purpose of supplying authorities for the minute order of June 10, 1971, and of denying the June 14, 1971, Motion To Reconsider. Accordingly,

It is ordered, That defendants' objections to the jurisdiction of the Court be and the same are hereby overruled.

It is further ordered, That defendants' Motion To Dismiss be and the same is hereby denied.

It is further ordered, That the Motion To Reconsider be and the same is hereby denied.

The Clerk of the Court is hereby directed to mail a copy hereof to counsel of record.