FIRST NATIONAL MONTANA BANK OF MISSOULA, a national banking corporation, Plaintiff,

v.

FEDERAL LEASING, INC., a Maryland corporation, Defendant.

No. CV 84–180–M–CCL.

United States District Court, D. Montana, Missoula Division.

July 1, 1986.

William Crowley, James J. Benn, Boone, Karlberg & Haddon, Missoula, Mont., for plaintiff.

G. Stewart Webb, Jr., Venable, Baetjar & Howard, Baltimore, Md., Ronald A. Bender,

Worden, Thane & Haines, Missoula, Mont., for defendant Federal.

Michael E. Dempsey & Daniel Smart, Finley, Kumble, Wagner, Heine, Underberg, Manley & Casey, Beverly Hills, Cal., Donald Snavely, Snavely & Phillips, Missoula, Mont., for defendant Amperif.

## OPINION AND ORDER

LOVELL, District Judge.

This cause is before the Court on the defendant's motion to dismiss for failure to join an indispensable party pursuant to Rule 19, Fed.R.Civ.P.

Plaintiff commenced this action in September, 1984, seeking damages for breach of an agreement for sale of the right to receive payments from a certain lease between the United States Navy and Amperif Corporation. Originally named as defendants were Federal Leasing, Inc., (hereafter also "Leasing") and Amperif Corporation. On October 11, 1985, this Court entered an order dismissing the complaint as to Amperif for lack of personal jurisdiction. *First National Montana Bank of Missoula v. Federal Leasing, Inc., et al.*, 618 F.Supp. 491 (D.Mont.1985). A recitation of the pertinent facts is contained therein and need not be repeated.

Following dismissal of Amperif, Leasing moved to dismiss under Fed.R.Civ.P. 19, for the reason that "in equity and good conscience" the action should not proceed in Amperif's absence.

Rule 19 requires a twofold inquiry. First, the absent party must be one to be joined "if feasible." Under this analysis, a party is "necessary" to the action if:

(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest.

Rule 19(a), Fed.R.Civ.P.

If the absent party is found to be necessary, but cannot be joined for jurisdictional reasons, the second step of the inquiry requires the Court to determine whether, "in equity and good conscience," the action should proceed in his absence, or whether it must be dismissed. Fed.R.Civ.P. 19(b).

To avoid the formalistic approach earlier followed by many courts and the confusion generated by the "necessary" and "proper" party distinction, Rule 19 was revised in 1966 "to emphasize that the appropriate focus is on the practical ramifications of joinder versus nonjoinder." *Northrup Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1042 n. 14a (9th Cir.1983). In essence, Rule 19 involves a balancing of interests—"those of the parties and of the outsider, those of the public and of the court in seeing that the litigation is both effective and expeditious ... while taking into account 'equity and good conscience.'" *Kamhi v. Cohen*, 512 F.2d 1051, 1054 (2d Cir.1975). *See also, Kaplan v. International Alliance of Theatrical, etc.*, 525 F.2d 1354, 1361 (9th Cir.1975).

Clearly, however, an absent party's interest in the litigation does not necessarily mean he may be joined as a defendant. Rule 19 does not confer federal jurisdiction over a party. *Finch v. Mississippi State Med. Ass'n*, 585 F.2d 765, 780 (5th Cir. 1978). Thus, the issue squarely before the Court is whether Amperif Corporation is an indispensable party, without whom this action should not proceed.

There are three conditions specified in Rule 19(a), satisfaction of any one of which would make Amperif a necessary party:

(1) in Amperif's absence complete relief could not be granted to those persons already parties;

(2) Amperif claims an interest relating to the action and is so situated that disposition in its absence may "as a practical matter" impair Amperif's ability to protect that interest; or

(3) Amperif claims an interest relating to the action and is so situated that disposition in its absence may subject a joined party to an inconsistent obligation.

*Puyallup Indian Tribe v. Port of Tacoma*, 717 F.2d 1251, 1255 (9th Cir.1983).

While there is no precise formula to be applied under Rule 19(a), the "[u]nderlying policies include plaintiff's right to decide whom he shall sue, avoiding multiple litigation, providing the parties with complete and effective relief in a single action, protecting the absentee, and fairness to the other party." *Bakia v. County of Los Angeles*, 687 F.2d 299, 301 (9th Cir.1982).

The first issue under Rule 19(a) is whether, in Amperif's absence, complete relief could be awarded between First National Montana Bank and Federal Leasing. Leasing claims that the basis for the Bank's complaint is the alleged violation by Amperif of the terms of the Purchase Agreement. Leasing's role, it maintains, was "simply to pass on" its rights to the Bank. As such, Leasing argues that the rights, obligations and interests of Amperif are centrally at issue and the Court cannot resolve the dispute in Amperif's absence.

The term "complete relief" used in Rule 19(a) "refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." 3A Moore's Federal Practice ¶ 19.07–1(1) at 19–128. Leasing certainly has an interest in seeing that it does not bear the entire burden of liability if Amperif's misrepresentations contributed to this litigation. *See, Provident Tradesmens Bank v. Patterson*, 390 U.S. 102, 109, 88 S.Ct. 733, 737–38, 19 L.Ed.2d 936 (1968). Plaintiff, however, entered into a contract with Leasing and seeks damages from Leasing for the alleged breach of that agreement and misrepresentations collateral thereto. This Court may award complete relief as between the parties before it even though consideration will not be given to any claims between Leasing and Amperif.

The second and third conditions specified in Rule 19(a) are somewhat different inso-far as the Court must determine the nature of Amperif's interest in the litigation and the consequences of a judgment rendered in its absence. Both subparts of Rule 19(a)(2) "are contingent ... upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action." *Northrup Corp. v. McDonnell Douglas Corp., supra,* 705 F.2d at 1043.

The only executed document to which Amperif and the Bank were both parties is entitled "Instrument of Assignment of Claims," the purpose of which apparently was to give notice to the government that Amperif assigned all monies due from the United States to the Bank. Amperif's interest "relating to the subject of the action" does not lie in the direct relief sought by plaintiff, but in the fact that Amperif's actions or representations underlie Leasing's actions and representations upon which liability ultimately may be based. In other words, if Leasing is found liable for plaintiff's damages, Amperif's underlying actions are directly implicated.

Amperif's interest in the subject of this action makes it a party to be joined "if feasible" under both subsections (i) and (ii) of Rule 19(a)(2). Under 19(a)(2)(i), Amperif's interest could be impaired in the event the factfinder determines that Leasing is liable because it passed along misrepresentations made by Amperif, or that Leasing is not liable because it reasonably relied upon Amperif's misrepresentations. In either event, although Amperif would not be bound by such a determination, its ability to defend an action for indemnity or other relief could be impeded as a practical matter. Leasing cannot be saddled with the burden of presenting Amperif's defense, but Amperif could be left without an opportunity to defend its interests. *See, Schutten v. Shell Oil Co.,* 421 F.2d 869, 874 (5th Cir.1970).

The focus of Rule 19(a)(2)(ii) is whether a defendant already in the case may be subject to a risk of inconsistent obligations as a result of the absent party's interest. Whether or not the proposed defendants would be pleased or displeased, or their

interest furthered or not furthered, is not the focus of Rule 19. Nor is it the probabilities or improbabilities of later action by the proposed defendants against the defendants. Since the purpose of subdivision (a)(2)(ii) is, specifically, to protect those who are already parties to an action, it is more the possibilities or impossibilities.

*Hodgson v. School Board, New Kensington-Arnold, etc.,* 56 F.R.D. 393, 395 (W.D. Pa.1972). There clearly is a possibility in this case that Leasing will be subjected to a risk of inconsistent obligations if the action proceeds without Amperif. The most likely possibility is that Leasing will bear the entire liability for plaintiff's alleged damages in the event that an indemnity action is unsuccessful.

As a pragmatic consideration, it is clear that Amperif should be a party to this action to enable the Court to provide an adjudication of the issues that would be binding on all interested persons. *See, Provident Tradesmens Bank v. Patterson, supra.,* 390 U.S. at 108–09, 88 S.Ct. at 737–38. A primary purpose of Rule 19, consistent with the spirit of the Federal Rules of Civil Procedure, is to avoid multiple litigation arising out of the same factual circumstances. *Provident Tradesmens Bank, supra.,* 390 U.S. at 110, 88 S.Ct. at 738. As an "active participant" in the matters at issue, Amperif meets the criteria in Rule 19(a)(2) as a party to be joined if feasible. *See, Haas v. Jefferson National Bank of Miami Beach,* 442 F.2d 394 (5th Cir.1971).

Having previously determined that Amperif cannot be made a party to this action, the Court must turn to Rule 19(b) to decide whether Amperif is an "indispensable" party. The factors to be considered in this determination include: first, to what extent a judgment rendered in Amperif's absence might be prejudicial to it or to those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in Amperif's absence will be adequate; and

fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Rule 19(b), Fed.R.Civ.P.

Again, Rule 19(b) is governed by practical considerations of the effect of dismissal and whether in equity and good conscience the Court should proceed without the absent party. *Bakia v. County of Los Angeles, supra.,* 687 F.2d at 301. "The distilled essence of these 'criteria' of subdivision (b) is the attempt to balance the rights of all concerned." *Schutten v. Shell Oil Co., supra.,* 421 F.2d at 873.

In *Provident Tradesmens Bank v. Patterson, supra.,* the Supreme Court identified four interests to be examined in a Rule 19(b) determination:

(1) the interest of the plaintiff in having a forum;

(2) the interest of the defendant in avoiding multiple litigation, inconsistent relief, or sole responsibility for a liability he shares with another;

(3) the interest of the outsider whom it would have been desirable to join;

(4) the interest of the courts and the public in complete, consistent, and efficient settlement of controversies.

*Provident Tradesmens,* 390 U.S. at 109–10, 88 S.Ct. at 737–38.

Many of the factors outlined in 19(b) overlap with considerations analyzed under 19(a). For instance, the extent to which a judgment rendered in Amperif's absence might be prejudicial to it or to Leasing is a factor under both subdivisions. Under 19(b), however, there is the additional consideration of whether such a judgment may prejudice the plaintiff. This is a possibility if Leasing is exonerated on the basis that it merely relied on Amperif and that such reliance was reasonable. Plaintiff could be left without a remedy under those circumstances.

Under the second factor enumerated in Rule 19(b), the Court must consider whether it could shape the judgment to lessen or avoid any possible prejudice. Given the separate contractual relationships between the Bank and Leasing and Leasing and Amperif, there is substantial likelihood that the judgment could be formulated to apply

only to the specific agreement between the parties before the Court. Any relationship between Leasing and Amperif is not before the Court and will not be adjudicated. *See, e.g., United States v. Exxon Corp.*, 94 F.R.D. 252, 257 (D.D.C.1981).

The Court is of the opinion that plaintiff can obtain adequate relief without Amperif's presence in the action. As stated above, plaintiff's contractual rights depend exclusively upon Leasing's liability; any liability on the part of Amperif is merely derivative.

Of the interests enumerated in *Provident Tradesmens, supra.*, the primary reason supporting dismissal is the probability of multiple litigation. This is inconsistent with the interest of the Court and the public in "settling disputes by wholes whenever possible." *Id.*, 390 U.S. at 110, 88 S.Ct. at 738.

A factor which must be balanced against this important interest, however, is whether the plaintiff will have an adequate remedy if the action if dismissed. It is true that where an alternative forum is available, the plaintiff's interest in a forum will be outweighed by the other factors. *Prescott v. Plant Industries, Inc.*, 88 F.R.D. 257 (S.D. N.Y.1980). On the other hand, if dismissal would leave plaintiff without a forum, plaintiff's interest in the forum will prevail. *Bennie v. Pastor*, 393 F.2d 1 (10th Cir. 1968); *Gulf Ins. Co. v. Lane*, 53 F.R.D. 107 (D.Okla.1971); *Smith v. American Federation of Musicians*, 47 F.R.D. 152 (S.D.N.Y. 1969). It has been held that if a court's choice is between proceeding with an action despite inability to join a person whose absence prejudices the parties before the court, and dismissing the action for that reason and leaving the plaintiff without a remedy, the court should choose the former.

> It is undoubtedly more important that there be *some* forum available to determine the substantial claims presented by the complaint than that defendants should face a future of multiple suits.

*Potomac Electric Power Co. v. Babcock and Wilcox Co.*, 54 F.R.D. 486, 492 (D.Md. 1972).

This conclusion has been reached where the statute of limitations has expired on plaintiff's claim against the absentee, and dismissal would leave plaintiff "with *no* remedy, let alone an *adequate* remedy." *Young v. United Steelworkers of America*, 49 F.R.D. 74, 75 (E.D.Pa.1969).

The Court is concerned that dismissal of this action would leave plaintiff with no remedy against either Leasing or Amperif. *See*, § 337, Title 2, California Code of Civil Procedure (providing a four-year period of limitation for actions upon a contract). While the interests favoring a finding of indispensability are strong, resulting prejudice to the plaintiff would be fatal. Without expressing an opinion on the ultimate outcome of the case, the Court believes that an appropriate judgment may be fashioned to lessen or avoid any possible prejudice to Leasing or Amperif.

Therefore, it is hereby ORDERED that defendant Federal Leasing, Inc.'s motion to dismiss for nonjoinder pursuant to Fed.R. Civ.P. 19 is DENIED.

IT IS FURTHER ORDERED that plaintiff's motion to amend the complaint is GRANTED.