Merrimack,
No. 4251.

PHILLIP A. CURRIER & a. v. NORTH BRITISH &c. Co.

SAME v. ATLAS ASSURANCE COMPANY, LTD.

Argued November 5, 1953.

Decided November 30, 1953.

*Herbert W. Rainie* (by brief and orally), for the plaintiffs.

*Wyman, Starr, Booth, Wadleigh & Langdell* and *Philip G. Peters* (*Mr. Peters* orally), for the defendants.

KENISON, C. J.   The rights of persons having limited, fractional or joint interests in property, who are not named in the fire insurance policy, to recover their proportionate interests in the event of loss are uncertain, unsettled and unsatisfactory. *Dudley* v. *Company*, 82 N. H. 167; 48 Col. L. Rev. 1162, 1173, 1186.  A typical situation, as it existed in 1937, has been described by Goble, The Moral Hazard Clauses of the Standard Fire Insurance Policy. 37 Col. L. Rev. 410, 417, as follows:  "When a married man buys property, especially a home, a joint tenancy or a tenancy by the entireties frequently appeals to him because of its characteristic that upon the death of either owner the property will pass by law to the survivor, to the exclusion of children or other heirs.   Consequently, he has the deed made out to himself and wife, as joint tenants, or tenants by the entireties, records it and lays it away.   Some time later insurance upon the property is effected.   The husband has either forgotten that the property is owned by himself and wife jointly, or, if he remembers, believes the fact unimportant in effecting his insurance.   Consequently, he says nothing about it to the insurance agent, and almost never does the insurance agent ask him anything about his title.   So the policy is issued in the husband's individual name.   The almost unanimous authority in the United States is that such a policy is void."

While it is true that such policies are not void in New Hampshire, which omit the "unconditional and sole ownership" clause (Branch, The New Hampshire Standard Fire Insurance Policy, *p.* 2 (1935) ), and are no longer void in those states that have adopted the so-called 1943 New York standard fire policy, the problem persists in other respects as exemplified by the facts of the present

case. The customary and increasing practice of husband and wife taking title to their residence and dwelling as joint tenants and the widespread practice of the husband to insure all the property within the family aegis in the husband's name regardless of the exact state of the title accentuates the problem. This is particularly true in those cases where the insurance agent or underwriter fails to inquire about or to check the exact owership of the property to be insured. That this is not an isolated occurrence is attested by the facts of this case and many others. "The agreed case states specifically that no questions were asked as to the plaintiff's title to the buildings when the insurance was effected, and that he made no representations in regard to his title at any time." *Fadden* v. *Insurance Co.*, 77 N. H. 392, 394.

It is not necessary that the assured's interest be specifically described and he may effect insurance on his individual interest in general terms but it is usually required that he be named or identified in the policy in order to recover. *Hoyt* v. *Insurance Co.*, 92 N. H. 242. This is based on the doctrine of indemnity and the rule that insurance is a personal contract which provides coverage only for the interest of the insured, not insurance for the property as such. *Spires* v. *Hanover Fire Ins. Co.*, 364 Pa. 52. A strict application of this doctrine has resulted in decisions that are difficult to justify on equitable principles. *Ritson* v. *Atlas Assurance Co.*, 272 Mass. 73; 279 Mass. 385. *Cf. Clark* v. *Insurance Co.*, 87 N. H. 353.

There has been some tendency to break away from the strict application of the indemnity doctrine where the husband and wife are joint tenants and the insurance is effected in the name of only one joint tenant. In *North British & Mercantile Ins. Co.* v. *Sciandra*, 256 Ala. 409, decided in 1951, a husband recovered the full damage to a building, although the wife owned an undivided half interest in the property and was not named as an assured. See *Conley* v. *Fidelity-Phenix Fire Ins. Co. of N. Y.*, 102 F. Supp. 474; 5 Appleman, Insurance Law and Practice, *ss.* 3361, 3363. "Greater difficulty is presented by the measurement of a joint tenant's recovery where he has insured for his own sole benefit. Since a joint tenant owns the whole estate for some purposes in the law, the courts might on that ground conceivably refuse to limit his recovery to the value of a fractional share of the estate . . . There has been some dictum indicating that the insured's recovery would be limited . . . It has been said that 'whether the other

joint owner has an interest in law or equity in the insurance money so collected may properly turn on the equities of the particular case.'" Godfrey, Some Limited-Interest Problems. 15 Law and Contemporary Problems, 415, 423 (1950).

Since the right of the husband to recover the full loss "may properly turn on the equities of the particular case" and since that question is pending in the Superior Court we have considered it but not decided it. The reason has been well stated in the defendant's brief as follows: "It is not the duty of this court to decide the question of whether or not one joint tenant is entitled to the entire proceeds. That question will first be decided by the Superior Court and then may be the issue in this court at a later date. Therefore, this court should not take it into consideration on the merits of this case, but should consider that question only as it illustrates the importance of the reformation asked in the case before the court now." The facts of the present case and the unsettled state of the authorities present a strong case for relief. This brings us to the question whether the present law of reformation is broad enough to allow it on the facts of this case.

It is clear that there has been no fraud or misrepresentation on the part of the plaintiff, the insurance agent or the insurance companies. There is therefore no basis for granting relief in equity for a unilateral mistake. Restatement, Contracts, s. 505. *Carignan v. Company*, 95 N. H. 262. Nor is this a case where it can be said that plaintiff's mistake in not having his wife's name inserted in the fire insurance policy was innocently induced by the defendant as was the case in *Rickle v. Mills*, 93 N. H. 191. The only remaining basis for reformation would be mutual mistake but that cannot be granted in this case since the company was unaware of the true state of the title at the time of issuing the policy. *By-Fi Building and Loan Ass'n v. New York Casualty Co.*, 116 N. J. Eq. 265; 5 Williston, Contracts, s. 1570A. "Where only the insured is mistaken as to the terms or legal consequences of the policy issued, and the insurer's agent is unaware of such mistake, reformation is almost uniformly denied." Note, Patterson, Cases and Materials on Insurance (1947), 669.

The issue that this case presents has been stated as follows: "If the insured, because of his mistake alone, obtains the wrong form of policy, and the insurer's agent is unaware of his mistake, can the insured obtain reformation to make the insurer issue the form of policy he should have asked for, by showing that the in-

surer would, without additional charge, have issued the proper form as readily as it issued the improper one?" Patterson, *supra*, 670. We are constrained to answer this question in the negative. *Salomon* v. *North British & Mercantile Ins. Co.*, 215 N. Y. 214; *Commercial Cas. Co.* v. *Mansfield*, 98 N. H. 120, 136. Accordingly reformation must be denied, the law actions remain for trial and the order is

*Petition dismissed.*

All concurred.