Strafford,
No. 5377.

LEWIS J. FISHER, *Adm'r*

*v.*

PRUDENTIAL INSURANCE COMPANY.

Argued October 6, 1965.
Decided March 30, 1966.

*Fisher, Parsons, Moran & Temple* ( *Mr. Robert H. Temple* orally ), for the plaintiff.

*Burns, Bryant & Hinchey* and *Paul R. Cox* ( *Mr. Cox* orally ), for the defendant.

BLANDIN, J. The parties have agreed upon the following facts:

The plaintiff sues to recover hospitalization costs incurred from December 20, 1962 through March 13, 1963 by Miss Mary G. Connors, for care and treatment rendered in the amount of $2,969.60. The initial application by Weiss-Lawrence, Inc. for insurance was made to the defendant insurance company on February 23, 1962. A supplemental application was made on March 1, 1962, for the sole reason that the person who endorsed the first application on behalf of the insurance company was not licensed to practice in New Hampshire, and a new application had to be filed.

A group policy was issued by the insurance company to the policyholder Weiss-Lawrence, Inc., which became effective March 1, 1962 and was in full force through October 31, 1963. The group policy contained two separate incontestability clauses. Miss Connors, when the policy was written and thereafter, was listed as a participant and employee by the policyholder, and premiums were paid for her participation. The listing was made and maintained by the Weiss company. The deceased was not an employee of this company at any time within the terms of the policy.

Four payments were made by the defendant under the policy for her benefit, totaling $539.70. The first check was dated December 13, 1962 and the final one was dated March 5, 1963. The defendant, relying on the fact that the deceased was never an employee of Weiss, denied liability to her and refused further payment on her claim. By writ dated June 11, 1964, the plaintiff administrator of the Connors estate commenced an action of assumpsit to recover her hospital costs incurred from December 20, 1962 through March 13, 1963. On January 29, 1965, the defendant filed a setoff stating that it was not indebted to the plaintiff, as the plaintiff was never employed by the policyholder, was not covered by the policy, and that the defendant by mistake had earlier paid the sum of $539.70 before discovering that the deceased was not covered by the policy. This sum the insurance company sought to recover by the setoff.

It was agreed that the following questions were to be transferred:

"1. May the Trial Court receive evidence as to preapplication negotiations with defendant's agents tending to show knowledge by the defendant that the plaintiff was not an employee.

"2. Whether coverage was ever effected as to Mary G. Connors in view of her non-employment by the policyholder:

"3. Whether the defendant is barred from showing lack of

coverage, by waiver or estoppel, because of its earlier payments to the plaintiff.

"4. Whether either incontestability clause applies and whether the defendant has ever effected a contest within either period of contestability."

This case poses familiar but nonetheless troublesome questions in the field of insurance law. It is difficult to explore even a small area of this subject without becoming lost in a maze of conflicting decisions and subtle distinctions. The battle between claimants determined to breach the stockade of coverage and insurers, equally determined to bar the gates, is the one feature which remains both constant and comprehensible.

Although the agreed facts are not as complete as might be desired, it appears from the briefs and various exhibits which will be hereinafter referred to and which by agreement were made a part of the transferred case, that the plaintiff seeks to prove by parol evidence that a duly authorized agent of the defendant, though aware that Miss Connors was not an employee of the Weiss-Lawrence Company, told her that she would be covered. The policy was issued and all premiums paid by Weiss through the period of hospitalization for which recovery is sought. The plaintiff claims that the effect of the conduct of the agent and the insurance company is such that the company is estopped to assert the defense that the representations made by the deceased were false, that the defendant has ratified the agent's actions, and that it is liable. *McDonald* v. *Insurance Company*, 68 N. H. 4; *Eastman* v. *Association*, 65 N. H. 176; see *Abbott* v. *Prudential Ins. Co.*, 281 N. Y. 375.

Both applications for group insurance made by Weiss state clearly that only full-time employees are eligible for insurance. The policy itself issued to Weiss contains the same provision. The certificate of insurance issued to the deceased set forth in plain and unequivocal language that in order to be eligible for insurance one must be "actively at work on full time at the business establishment of an employer included under the Group Policy . . . . "

In addition to this, both the applications and the policy provided that no agent had authority to waive or modify any of their respective requirements in any respect, or to bind the company by making any promises or representations or giving or receiving any information.

On February 23, 1962, the deceased signed an enrollment card which, together with similar ones made out by employees, was kept by Weiss. On this card she represented that she was and had been an employee of Weiss since July 6, 1959. As previously stated, the parties have agreed that she was never "an employee at any time within the terms of the policy."

The certificate of participation in the group policy issued to the deceased, stated on the face of the instrument that "all benefits are subject in every respect to the Group Policy, which alone contains the agreement under which payments are made." The deceased is held to a knowledge of the terms of the certificate and the policy to which it referred and which was incorporated into it by unmistakable reference. *Gagne* v. *Insurance Co.,* 78 N. H. 439, 440; *Malloy* v. *Head,* 90 N. H. 58, 60. Since the parties agree that the deceased was not an employee of Weiss and did not comply with the terms of the policy, it would appear that she cannot recover under it.

However, the plaintiff urges that the defendant cannot contest the validity of the group policy because of the one-year incontestable clause within this policy, nor can it assert the invalidity of the individual insurance which the plaintiff claims the deceased possessed because of the two-year incontestable clause set forth in the certificate given to her. While aware of the authority which would seem to support this position (*John Hancock Mut. Life Ins. Co.* v. *Dorman,* 108 F. 2d 220 (9 Cir. 1939)), we do not believe that it represents the better view. 1 Appleman, Insurance Law and Practice, *s.* 331, *p.* 588.

In *Fisher* v. *U. S. Life Ins. Co.,* 249 F. 2d 879 (4th Cir. 1957), the court held that the incontestability clauses were inapplicable because the party never having been an employee, was never insured. In rendering the opinion, the court spoke as follows: "The incontestable clause, after the passage of the stipulated period, proscribes defenses which go to the validity of the policy whether because of noncompliance with conditions or the falsity of representations or warranties. It was never intended to enlarge the coverage of the policy, to compel an insurance company to insure lives it never intended to cover or to accept risks or hazards clearly excluded by the terms of the policy." *Id.,* 882. The opinion also quoted approvingly the statement of Chief Judge *Cardozo* in *Matter of Met. Life Ins. Co.* v. *Conway,* 252 N. Y. 449, 452: "The provision that a policy shall be incontestable after it has

been in force during the lifetime of the insured for a period of two years is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage the policy will stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by a condition broken." See also, *Washington National Ins. Co.* v. *Burch,* 270 F. 2d 300 ( 5th Cir. 1959 ); 1 Appleman, Insurance Law and Practice, *s.* 331, *p.* 588.

In the *Metropolitan* case, the matter finally was succinctly summarized: "Where there has been no assumption of the risk, there can be no liability." *Id.,* 453. The opinion further criticized the *Dorman* case and suggested that its dicta which, as previously stated, appears to support the plaintiff, were unnecessary to the opinion.

In *Perkins* v. *Insurance Co.,* 100 N. H. 383, a requirement of the policy was that the insured be in good health when the instrument was issued. She was not, and after careful review of the authorities, we held that while, for reasons not material here, misstatements in the policy could not be relied upon by the company as a defense, nevertheless the agreement made good health a condition precedent to insurance coverage. We added that the parties had the right to so contract and that coverage never attached. Judgment was rendered for the defendant insurance company.

In *Duval* v. *Company,* 82 N. H. 543, a group insurance policy similar to the present one was issued, and the plaintiff was originally validly covered. However, he had ceased to be employed at the time of his death and the court held that "The insurance is effective only during the term of employment." *P.* 545. By a parity of reasoning, it would appear that if coverage ceases when employment ceases, it could never arise where there has never been any employment.

In recapitulation, we hold that since the deceased was never insured under the policy, the plaintiff cannot take advantage of the incontestability clauses.

Other arguments urged are ( 1 ) that since the defendant's agent knew the deceased was not an employee, the company is chargeable with this knowledge and has ratified the agent's actions by issuing the policy; ( 2 ) that by issuing the participation certificate to Miss Connors, receiving premiums and adjusting losses, the defendant has waived any and all breaches of conditions and is

estopped from relying upon any defenses; therefore, it may not recover any claim payments made to the deceased.

Since it is agreed that the person who negotiated with the deceased was an agent of the company, the binding effects of his conduct are to be determined by common-law rules. *Taylor* v. *Metropolitan Life Ins. Co.*, 106 N. H. 455, 458; *Boucouvalas* v. *Insurance Co.*, 90 N. H. 175, 177. *Cf.* RSA 408:7.

In the case before us, both the agent and the deceased were well aware that the statement that she was and had been an employee of Weiss since July 6, 1959 was false, and that under the terms of the contract the agent was acting improperly. In this situation, the company is not bound by the agent's knowledge or actions not known to it. *Kelly Contracting Co.* v. *State Automobile Mut. Ins. Co.*, ( Ky. App. ) 240 S. W. 2d 60; 17 Appleman, Insurance Law and Practice, *ss.* 9413, 9417; Restatement ( Second ), Agency, *s.* 166. Hence evidence of preapplication negotiations with such an agent would not be admissible against the defendant. Since the defendant was justifiably ignorant of the fact that the deceased was not an employee of Weiss, it is axiomatic that it cannot be held to have waived any of its rights by issuing the policy or mailing hospitalization payments ( *Therrien* v. *Maryland Cas. Co.*, 97 N. H. 180, 182 ) or to have ratified the agent's misconduct. Restatement ( Second ), Agency, *s.* 91.

Also, in order for the plaintiff to take advantage of waiver or estoppel, it was necessary that she act in good faith, as is plainly indicated in the *Taylor* opinion, page 460. See also, *Whitmore* v. *Mutual Life Ins. Co.*, 122 Vt. 328; *Kelly Contracting Co.* v. *State Automobile Mut. Ins. Co.*, *supra*; 17 Appleman, Insurance Law and Practice, *s.* 9413, *p.* 49; 45 C.J.S., Insurance, *s.* 732.

In conclusion, we hold that the deceased was never insured by the defendant, that the company is not chargeable with the agent's acts and has not ratified them, that the record does not establish waiver or estoppel, and that the incontestability clauses are inapplicable.

Whether the plaintiff has any cause of action against the agent is a question not properly before us and upon which we express no opinion. See *Spiegel* v. *Metropolitan Life Ins. Co.*, 6 N. Y. 2d 91.

The matter of the defendant's right to a setoff does not appear among the transferred questions, and since its disposition may

require the development of further facts than are contained in the record before us, the order is

*Remanded.*

All concurred.