Original
No. 7915

# Francis A. Mannone

## v.

# Francis E. Whaland, Insurance Commissioner

February 3, 1978

*John C. Boeckeler,* of Concord, by brief and orally for the plaintiff.

*David H. Souter,* attorney general (*Andrew R. Grainger,* attorney, orally), for the State.

*Wiggin & Nourie,* of Manchester (*Gordon A. Rehnborg, Jr.* orally), as intervenor for Phenix Mutual Fire Insurance Company.

*Thomas W. Porter,* of Keene, filed brief for amicus curiae New Hampshire Association of Domestic Insurance Companies.

*Sheehan, Phinney, Bass & Green,* of Manchester, filed brief for amicus curiae Independent Insurance Agents of New Hampshire.

DOUGLAS, J. This is an appeal from an order of the insurance commissioner dated September 9, 1977, which found that the Phenix Mutual Fire Insurance Company had properly cancelled the plaintiff's fire insurance policy. The appeal was taken, pursuant to RSA 400-A:24 (Supp. 1975) and RSA 541:6, following the denial of a motion for rehearing filed by the plaintiff. We affirm.

The plaintiff had an insurance policy with the Phenix Mutual Fire Insurance Company providing coverage for loss or damage to the plaintiff's mobile home located in Campton, New Hampshire. The term of the policy was one year, from October 5, 1976, to October 5, 1977. Because the premium due on the policy had not been paid, the F. E. Merrill Agency of Ashland, New Hampshire, (the agent) notified the plaintiff by letter dated November 16, 1976, that the policy would be returned to the insurer for cancellation unless payment was received by November 26, 1976. The plaintiff received the agent's letter but failed to pay the premium. On November 29, 1976, the agent returned the policy to the insurer for "cancellation flat." The insurer, in turn, cancelled the policy, but without itself directly notifying the plaintiff of cancellation in accordance with RSA 417-B:4 (Supp. 1975). On February 27, 1977, the plaintiff's mobile home was totally destroyed by fire. The plaintiff then tendered payment of the premium, but payment was refused. On June 6, 1977, the plaintiff filed a complaint with the insurance commissioner alleging that the policy of insurance had been improperly cancelled. The plaintiff took the position that the agent had no authority to cancel the policy for the insurer and that the duty of notification placed on insurers by RSA 417-B:4 (Supp. 1975) is nondelegable.

A hearing was held on the matter at the insurance department on August 24, 1977, pursuant to RSA 400-A:17 (Supp. 1975). On September 9, 1977, the commissioner issued his decision holding that the insurance policy had been properly cancelled in accordance with RSA 417-B:4 (Supp. 1975). He ruled that the F. E. Merrill Agency was a duly authorized agent of the Phenix Mutual Fire Insurance Company and that an insurer may delegate the duty of cancellation notification under RSA 417-B:4 (Supp. 1975) to a duly authorized agent.

██ The burden of proof on this appeal is governed by RSA 541:13, which provides that the plaintiff must show that the order appealed from is "clearly unreasonable or unlawful." This section establishes a presumption that the commissioner's decision is prima facie lawful and reasonable. *Insurance Services Office v. Whaland,* 117 N.H. 712, 378 A.2d 743, 745 (1977). The presumption may be overcome by a showing that no evidence was presented in the record to sustain the order. *N.H.-Vt. Hosp. Serv. v. Whaland,* 114 N.H. 92, 96, 315 A.2d 191, 193 (1974).

██ At issue is RSA 417-B:4 (Supp. 1975), requiring "insurers" to provide written notice of policy cancellations. "Insurer" is defined in section 8 as "any insurance company, association, or exchange authorized to issue policies of insurance in the state . . . ." An almost identical definition is contained in RSA 417-A:1 III (Supp. 1975) dealing with automobile insurance. Departmental regulation No. 11, I, A, section 1(f) states that the term "insurer" under chapter 417-A applies to insurance agents and will, to the extent of common law, impute their acts to the companies as principals. This is a recognition of the obvious fact that corporations such as insurance companies must act through agents. 43 Am. Jur. 2d *Insurance* § 158 (1962). A similar result in the case of fire insurance policies would not do violence to the statutory scheme of RSA ch. 417-B (Supp. 1975). The ruling that an agent may be delegated the cancellation notification duty is affirmed.

██ The plaintiff's final argument is that the commissioner could not find on the facts before him that the F. E. Merrill Agency in fact had such authority to cancel for Phenix. He argues that the written agreement between Phenix and Merrill constitutes the sole source of the agent's authority to act for the principal. However, an agency agreement may be oral. *Adams v. Thayer,* 85 N.H. 177, 155 A. 687 (1931). Thus, an oral agreement between Phenix and

the Merrill Agency authorizing the latter to send notice of cancellation for nonpayment of premiums would be sufficient to establish a valid agency relationship. Moreover, authorization for the actions of an agent may be found by acquiescence of the principal in a series of acts performed by the agent in the past. Restatement (Second) of Agency § 43(2). Comment *b* to that section states:

> [I]f the agent performs a series of acts of a similar nature, the failure of the principal to object to them is an indication that he consents to the performance of similar acts in the future under similar conditions.

The record clearly supports a finding by the commissioner that at the least, Merrill was authorized to issue notices of cancellation through Phenix's acquiescence in Merrill's prior practice of doing so. In addition, a finding by the commissioner of the agent's authority to act can be found from the testimony of Mrs. Merrill that the same cancellation procedure was followed without objection with respect to policies of other companies.

*Appeal denied.*

LAMPRON, J., did not sit; the others concurred.