GRACE F. BONITZ, individually and as administratrix, vs.
THE TRAVELERS INSURANCE COMPANY.

Suffolk. January 5, 1978. — February 3, 1978.

Present: HENNESSEY, C.J., QUIRICO, BRAUCHER, KAPLAN, & ABRAMS, JJ.

*Insurance*, Life: incontestability clause. *Practice, Civil*, Summary judgment.

The incontestability clause required by G. L. c. 175, § 134 (1), in a group life insurance policy issued to an employer barred the insurer, which had taken no action with respect to an attorney, listed as an insured employee, during a two-year period of his lifetime, from defending claims under the policy following the attorney's death on the ground that he had never been an "employee." [329-332]

The two-year incontestability clause in a group life and health insurance policy issued to an employer ran from the date of issue, and not from the date of reissue, as contended by an insurer in defending claims by the widow and administratrix of an employee who had died more than two years after the policy was issued but less than two years after it had been reissued [332]; the incontestability clause applied to the entire policy, and the standard of eligibility was the same for the health insurance portion as for the life insurance portion [332].

CONTRACT. Writ in the Superior Court dated May 17, 1972.

The action was heard by *Bonin,* C.J., on a motion for summary judgment, and final judgment was entered by *Forte,* J.

The Supreme Judicial Court granted a request for direct appellate review.

The case was submitted on briefs.
*James B. Dolan* for the insurer.
*Owen Gallagher* for the plaintiff.

BRAUCHER, J. The plaintiff claims benefits under a contract providing group life and health insurance to certain employees of the Power Engineering Company, Inc. (employer). The insurer defends on the ground that the plain-

tiff's deceased husband (the decedent) did not qualify as an "employee" of the employer. On the insurer's motion for summary judgment, a judge of the Superior Court ordered partial summary judgment for the plaintiff, and final judgment was entered after an assessment of damages. We hold that the defense that the decedent was not an employee is barred by the incontestability clause of the policy, required by G. L. c. 175, § 134, and we affirm the judgment for the plaintiff.

The following facts appear without dispute from the admissions of the parties, the deposition of the employer's accountant, and the affidavit of the plaintiff in opposition to the insurer's motion for summary judgment. The decedent was an attorney who represented the employer, and was paid $300 a month, less insurance deductions. His name did not appear on the employer's payroll record, and there was no withholding of Federal income taxes, social security taxes, or State income taxes.

The insurer issued in Massachusetts a group insurance policy effective December 1, 1968, and reissued the policy effective September 1, 1969. Premiums to insure the decedent under the policy were paid from December 1, 1968, to April 8, 1971, the date of his death. He was listed as one of eleven insured employees in a letter from the insurer to the employer dated August 28, 1969. The policy defined "Employee" as "limited to a person on the payroll of the Employer and regularly employed by the Employer on a full-time basis of not less than Thirty hours per week." It provided, as to policies issued in the Commonwealth of Massachusetts: "This policy shall be incontestable after Two years from its date of issue, except for non-payment of premium." As of December 2, 1970, no action or contest had been brought by the insurer with regard to the policy or the insurability of the decedent under it.

Benefits under the health portion of the policy were paid on behalf of the decedent in January, February and March, 1971, in the amount of $2,058.50. The death certificate, submitted with the plaintiff's claim of death benefit,

showed his occupation as "Lawyer" and his business as "Self Employed." The insurer therefore denied the claim in June, 1971, on the ground that the decedent was not an employee, and offered to refund all life premiums paid for him since he went under the plan in 1964. The refund was made in October, 1971, and at the employer's request the health portion of the policy was terminated as of December 1, 1971.

On these facts a special master recommended that partial summary judgment be entered for the plaintiff on the issue of the insurer's liability. The judge accepted that recommendation. After an assessment of damages, judgment was entered for the plaintiff for $5,000 on the death claim and $5,217.10 in health insurance benefits. The insurer appealed, and we allowed its application for direct appellate review.

1. *Incontestability and eligibility.* The principal question is whether the incontestability clause bars the defense that the decedent was not an employee eligible for coverage under the group insurance policy. That question has been discussed at length. See R. Keeton, Insurance Law 393-401 (1971); Young, "Incontestable" — As to What?, 1964 U. Ill. L.F. 323, 336-340; Rall and Sfikas, Group Insurance — Is the Incontestable Clause a Bootstrap Which Enlarges Coverage?, 5 Forum 51 (1969); Annot., 26 A.L.R.3d 632 (1969). The bar has been enforced under the law of California, Georgia, Iowa, Louisiana, New York, Oklahoma, Utah and West Virginia. *John Hancock Mut. Life Ins. Co.* v. *Dorman,* 108 F.2d 220, 223-224 (9th Cir. 1939) (Cal. law). *Poffenbarger* v. *New York Life Ins. Co.,* 277 F. Supp. 726, 729-730 (S.D. W. Va. 1967) (W. Va. law). *Equitable Life Assurance Soc'y* v. *Florence,* 47 Ga. App. 711, 715-717 (1933). *Freed* v. *Bankers Life Ins. Co.,* 216 N.W.2d 357, 358-360 (Iowa 1974). *Allison* v. *Aetna Life Ins. Co.,* 158 So. 389, 393-394, modified on other grounds, 161 So. 645 (La. Ct. App. 1935). *Simpson* v. *Phoenix Mut. Life Ins. Co.,* 24 N.Y.2d 262, 266-269 (1969). *Hulme* v. *Springfield Life Ins. Co.,* 565 P.2d 666, 668-670 (Okla. 1977). *Cragun* v. *Bankers Life Co.,* 28 Utah 2d 19, 20-21 (1972). So far as

Federal decisions on the issue are contrary to State decisions, they are of course not authoritative. Cf. *Washington Nat'l Ins. Co.* v. *Burch,* 270 F.2d 300, 302-304 (5th Cir. 1959) (Ga. law); *Fisher* v. *United States Life Ins. Co.,* 249 F.2d 879, 882-885 (4th Cir. 1957) (N.Y. law). But there are authoritative contrary decisions under the law of Arkansas, Florida, Illinois, New Hampshire, and Pennsylvania. *First Pa. Banking & Trust Co.* v. *United States Life Ins. Co.,* 421 F.2d 959, 962-963 (3d Cir. 1969) (Pa. law). *Home Life Ins. Co.* v. *Regueira,* 313 So. 2d 438, 439-441 (Fla. Dist. Ct. App. 1975). *Crawford* v. *Equitable Life Assurance Soc'y,* 56 Ill. 2d 41, 48-53 (1973). *General Am. Life Ins. Co.* v. *Charleville,* 471 S.W.2d 231, 236 (Mo. 1971) (Ark. law). *Fisher* v. *Prudential Ins. Co.,* 107 N.H. 101, 104-105 (1966).

Discussion commonly begins with the opinion of Chief Judge Cardozo in *Metropolitan Life Ins. Co.* v. *Conway,* 252 N.Y. 449, 452 (1930). Holding that the exclusion of an aviation risk from the coverage of an individual life insurance policy was not inconsistent with the required incontestability clause, he said that the incontestability clause "is not a mandate as to coverage, a definition of the hazards to be borne by the insurer. It means only this, that within the limits of the coverage, the policy shall stand, unaffected by any defense that it was invalid in its inception, or thereafter became invalid by reason of a condition broken."

That principle was extended in a number of cases in other States to the issue of eligibility for coverage under a group insurance policy. The extension involves a significant shift in the meaning of the word "coverage," and substantially impairs the protection of the insured's expectations under a group policy. Many courts have therefore characterized the eligibility issue as one of "validity" rather than "coverage." In *Simpson* v. *Phoenix Mut. Life Ins. Co.,* 24 N.Y.2d 262, 267 (1969), the court said that the "hallmark of the distinction" is "discoverability," and that "eligible employment is ascertainable when a group policy is issued." Having failed to investigate during the two-year incontestability period,

the insurer could not be heard to complain thereafter of possible adverse selection of risks. *Id.* at 269.

The issue is one of first impression in Massachusetts, although the incontestability clause has been required for many years. See *New York Life Ins. Co. v. Hardison,* 199 Mass. 190, 195 (1908). "It is designed to require the insurer to investigate and act with reasonable promptness if it wishes to deny liability on the ground of false representation or warranty by the insured. It prevents an insurer from lulling the insured, by inaction, into fancied security during the time when the facts could best be ascertained and proved, only to litigate them belatedly, possibly after the death of the insured. The insurer, within the period prescribed by the policy, must contest the policy, that is, must set up its invalidity in some judicial proceeding, by way either of attack or of defence." *Metropolitan Life Ins. Co. v. DeNicola,* 317 Mass. 416, 418 (1944).

The incontestability clause in the policy in suit does not conform to the provision required by G. L. c. 175, § 134 (1),[1] for all policies of group life insurance. But the provision in the policy must read as "in every way as advantageous to the insured and as desirable as the prescribed provision." *New York Life Ins. Co. v. Hardison,* 199 Mass. 190, 194-195 (1908). Under the statutory provision not only the policy but also "the insurance on any person insured under the policy" becomes incontestable after a two-year period. Moreover, the statutory provision excluding certain conditions relating to war risks suggests that the incontestability clause may apply to some other questions of eligibility.

We hold that insurance on a decedent is incontestable after the insurer has treated him as an insured under a group policy for a period of two years during his lifetime,

---

[1] As amended through St. 1968, c. 164, § 2: "1. That the policy shall be incontestable after two years from its date of issue except for non-payment of premiums; and that the insurance on any person insured under the policy shall be incontestable after it has been in force for a period of two years during such person's lifetime except for violation of the conditions of the policy relating to military or naval service in time of war."

and that the defense that he was never an "employee" is then barred. We consider no question as to the effect of the termination of employment, nonpayment of premiums, or discontinuance of the group policy; those matters are the subject of elaborate provisions in the group policy. As to initial employment eligibility, we do not think the danger of adverse selection of risks or the cost of investigating employment records is so significant as to require a departure from our traditional view of the incontestability clause as it appears in individual policies. See *Metropolitan Life Ins. Co. v. DeNicola,* 317 Mass. at 418.

2. *Other issues.* The insurer contends that the incontestability period ran only from the reissue of the policy on September 1, 1969, and that the clause applies only to the life insurance portion of the policy. Neither contention requires extended discussion. The reissue of the policy, though it might change various provisions, could not change the incontestability clause required by statute. Nothing in the record indicates that any facts relevant to the eligibility issue changed, and the insurer in these circumstances could not extend the incontestability period in this way.

The incontestability clause is required by statute only as to life insurance, and it appears in the portion of the policy under the heading "Group Life Insurance." But by its terms it applies to the entire policy, and the standard of eligibility is the same for the health insurance portion as for the life insurance portion. The clause makes sense if applied to the entire policy, and any ambiguity in the policy is of course to be resolved against the insurer.

Under Mass. R. Civ. P. 56 (c), 365 Mass. 824 (1974), "Summary judgment, when appropriate, may be rendered against the moving party." The insurer argues that it may have other defenses than the ineligibility of the decedent, such as lack of notice, lack of proof of loss, or rescission. But the insurer filed no affidavit in response to the plaintiff's affidavit, which negated such defenses. The insurer denied

the plaintiff's claim on the sole basis of the ineligibility of the decedent, and the present argument is an afterthought.

*Judgment affirmed.*