420

Labor Department
No. 81-013

APPEAL OF CLOUTIER LUMBER COMPANY
AND
AMERICAN MUTUAL INSURANCE COMPANY
(New Hampshire Department of Labor)

May 26, 1981

*Pierre J. Morin*, of Berlin, by brief and orally, for the plaintiff, Pierre Fortin.

*Wiggin & Nourie*, of Manchester (*Gordon A. Rehnborg, Jr.*, on the brief and orally), for the defendants, Cloutier Lumber Company and American Mutual Insurance Company.

DOUGLAS, J. The issue in this case is whether RSA 281:40 bars consideration of the plaintiff's workmen's compensation claim because he did not petition for review within four years of his last compensation payment. On the facts of this case, we hold that it does not.

The facts are not in dispute. On July 2, 1974, the plaintiff, Pierre Fortin, injured his right knee while in the employ of the defendant Cloutier Lumber Company (Cloutier). As a result of the injury, the plaintiff underwent surgery in August 1974. The plaintiff applied for workmen's compensation benefits, and Cloutier's workmen's compensation carrier, the defendant American Mutual Insurance Company (American Mutual), accepted the claim and paid benefits.

Although still experiencing problems with his knee, the plaintiff considered returning to work in the fall of 1975. On October 16, 1975, American Mutual sent the plaintiff a letter encouraging him to return to work and reassuring him that "there will be absolutely no problems if you cannot work due to your knee trouble and that *compensation benefits will immediately be resumed.*" (Emphasis added.) The plaintiff returned to work on October 27, 1975, and American Mutual stopped making workmen's compensation payments on October 31, 1975.

For the next three-and-one-half years, the plaintiff continued working. His knee continued to trouble him, however, and in May 1979, his doctors advised him that he would need another operation. On June 7, 1979, American Mutual sent a letter to the plaintiff's counsel approving the surgery and adding "Please advise as soon as the employee goes in for surgery *so that we can place him back on full compensation.*" (Emphasis added.)

The plaintiff underwent surgery for the second time in April 1980, and he again became disabled. American Mutual paid all expenses related to the operation but refused to pay weekly disability benefits, relying on the four year statute of limitations set forth in RSA 281:40.

On May 23, 1980, the plaintiff filed with the New Hampshire Department of Labor a petition for a hearing on his compensation claim. On December 9, 1980, Ann B. Crane, Director of the Workers' Compensation Division, issued a decision ordering American Mutual to make weekly compensation payments to the plaintiff. The defendants argued that RSA 281:40 barred the plaintiff's claim, but the director ruled that the statute did not apply because "[t]he burden is on the insurance companies to advise people fully of their rights under the Workers' Compensation Law and this was

not done in this case . . . ." The defendants appealed pursuant to Rule 10.

■ RSA 281:40 provides that "[a]ny party in interest . . . may petition the labor commissioner to review a denial or an award . . . of compensation made pursuant to RSA 281:36, by a petition filed with such commissioner not later than the fourth anniversary of the date of such denial or the last payment of compensation . . . ." In this case, American Mutual made the last compensation payment to the plaintiff on October 31, 1975, and the plaintiff filed his petition for review with the labor commissioner on May 23, 1980, more than four years later. The defendants argue that RSA 281:40 bars the plaintiff's petition for review. We find, however, that the defendants are estopped from raising the statute of limitations.

■■ Estoppel prevents one party from asserting a position contrary to one previously taken when it would be unfair to allow him to do so. It arises when one party has knowingly made representations upon which the other reasonably has relied to his detriment. *See Olszak v. Peerless Ins. Co.*, 119 N.H. 686, 690, 406 A.2d 711, 714 (1979); *Town of Nottingham v. Lee Homes, Inc.*, 118 N.H. 438, 442, 388 A.2d 940, 942 (1978). In two letters, American Mutual represented to the plaintiff that it would place him on full compensation if he became unable to continue working because of his knee. The insurance company made that representation for the second time just four months before the statute of limitations had run out and did not deny compensation until thereafter. The plaintiff had no reason to file a petition to review denial of compensation until the insurer had done so. The defendants, therefore, are estopped from claiming that RSA 281:40 bars review of the plaintiff's petition. *See Guerin v. N.H. Catholic Charities*, 120 N.H. 501, 504, 418 A.2d 224, 226 (1980). Because they led the plaintiff to believe that he would receive full compensation, the defendants should have told him that they intended to rely on the statute of limitations before the deadline had passed.

Double costs and interest are awarded to the plaintiff pursuant to RSA 490:14-a.

*Affirmed*

All concurred.