Doyle v. Hoyle Ins.                    CV-94-244-SD 01/14/98

UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEW HAMPSHIRE

David Doyle, Administrator of the
 Estate of Diana F. Doyle

        v.                              Civil No. 94-244-SD

Wayne F. Hoyle, Sr.;
Hoyle Insurance Agency


O R D E R

     This order addresses the issues raised by a plethora of

pretrial motions.


1.   Plaintiff's Motion In Limine to Bar Testimony of Defendants'

Expert Witness, Frederick J. England, Jr. (document 92)

     In the course of discovery, it appeared that plaintiff's

purported expert relied, at least in part, on certain procedural

manuals.  Plaintiff accordingly requested production of these

manuals, which production, up to the time of the motion, had been

denied by the defendants.  Accordingly, plaintiff moves to

exclude the testimony of Mr. England, and defendants object

(document 117).

     The thrust of the objection is to the effect that the

failure of plaintiff to reciprocate in discovery justifies

defendants' reluctance to provide such discovery. Whatever merits such response might have if the defendants set it forth in a similar motion in limine, it is unhelpful in the context of the present dispute.

However, it also appears that defendants have now furnished plaintiff with the 32 pages of the requested manuals. Although far from timely, such production, the court finds, suffices to permit plaintiff, if desired, to mount a challenge to the expert at trial. Accordingly, the motion is denied without prejudice to plaintiff's right to raise such challenge to the qualifications and/or bases of the expert's opinion at trial.

## 2. Plaintiff's Motion In Limine to Exclude Defendants' Evidence Regarding Plaintiff's Transfer of Union Street Property (document 93)

At issue in this case is the claimed failure of defendants to procure fire insurance on certain property located on Union Street in Littleton, New Hampshire. Plaintiff's representative allegedly requested defendants to furnish such insurance in the total amount of $225,000.

Subsequent to the fire, the property has apparently been sold for $100,000, a sum which is $25,000 in excess of the amount that plaintiff paid for the property. Plaintiff has retained experts who will testify that the replacement cost of the property is $419,000 and the depreciated replacement cost of the property is $343,700. Accordingly, plaintiff contends that

evidence of the $100,000 sale of the property should be excluded as irrelevant and prejudicial pursuant to Rules 401, 403, Fed. R. Evid.[1]  The defendants object (document 116).

In general, it is the rule that in a suit against an insurance agent for his failure to obtain the desired coverage, he will usually be held liable for such amount as would have been recoverable under the insurance contract he should have obtained. 16A APPLEMAN, INSURANCE LAW AND PRACTICE § 8831, at 24, 25.  And in New Hampshire, the determination of the loss under a fire insurance policy is not cabined by either market value or replacement cost with depreciation, as evidence of both may be received by the jury.  Pinet v. New Hampshire Ins. Co., 100 N.H. 346, 348-49, 126 A.2d 262, 265 (1956).  See also Agoos Leather Cos. v. American & Foreign Ins. Co., 342 Mass. 603, 174 N.E.2d 654, 655 (1961).

It follows that plaintiff's motion must be denied.  The jury is entitled to hear and review evidence of both market value (as evidenced by the sale) and replacement cost with depreciation (as presented by plaintiff's experts).

---

[1]Rule 401, Fed. R. Evid., provides, "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
Rule 403, Fed. R. Evid., provides, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

## 3. Plaintiff's Motion In Limine to Preclude Evidence of a Letter Plaintiff Never Received Dated November 24, 1993 (document 94)

Plaintiff's attempts to procure insurance were carried on by Donald McStay, acting as an agent for plaintiff's decedent. At relevant times, McStay's address was 885 Washington Street, Franklin, Massachusetts 02028.

Under date of November 24, 1993, defendants prepared a letter enclosing a premium finance agreement for insurance on the New Hampshire property. The letter was addressed to McStay at the 885 Washington Street address. McStay contends he never received the letter, and further contends that Wayne Hoyle, Jr., told him that the letter was misaddressed. The record before the court fails to resolve this dispute, as it indicates that McStay told Hoyle, Jr., that "858 Washington Street" was not his proper address.

Plaintiff here moves to preclude the letter, and defendants object (document 118). The rule in New Hampshire is that there is a presumption that a properly addressed mail communication has been received, in the absence of other evidence to the contrary. Cote v. Cote, 123 N.H. 376, 378, 461 A.2d 566, 567 (1983). Such a presumption may be rebutted by evidence showing that the letter was not in fact received, and the rule followed by most courts is that the denial of the receipt of the letter raises an issue of fact to be determined by the jury. 29 Am. Jur. 2d, *Evidence* § 266, at 286-87.

Accordingly, the plaintiff's motion must be denied, as it is a question for the jury to here determine the issue as to whether the letter was mailed to a proper address and whether, if so, the presumption of receipt is rebutted by evidence to the contrary.

4. **Plaintiff's Motion In Limine to Exclude Evidence Regarding Illnesses and Deaths in the Defendant's Family (document 95)**

Apparently, at times undisclosed to the court, the father of Wayne Hoyle, Sr., and the spouse of said defendant passed away. Plaintiff seeks, on the grounds of relevance and unfair prejudice, Rules 401, 403, Fed. R. Evid., supra note 1, to exclude this evidence.[2]

The motion is granted, and there is to be no mention by counsel or testimony from any witness concerning the circumstances of the deaths of Mr. Hoyle's father and Mr. Hoyle's spouse.

5. **Defendants' Motion In Limine Limiting Plaintiff's Evidence on Damages (document 104)**

Pointing to the fact that Diana Doyle held one-third of the common stock of the DDN Corporation, defendants seek to limit her

---

[2]Although defendants do not object to the motion, they have filed a similar motion (document 115) to exclude evidence of the circumstances of the death of Diana Doyle. That motion is subsequently ruled upon in the course of this order.

recovery to one-third of the $225,000 in insurance sought to be procured in her name. Plaintiff objects (document 112).

The law in New Hampshire holds that where more than one party has an insurable interest in the property, the insurer must pay the loss to one or the other, or both. Bergeron v. Fontaine, 109 N.H. 370, 373, 256 A.2d 656, 659 (1969). Accordingly, the motion must be denied.[3]

6. Defendants' Motion for Extension of Time Within Which to File a Motion for Reconsideration of the Summary Judgment Order (document 109)

The motion for extension of time to January 9, 1998, to file the motion for reconsideration (document 109) is herewith granted. The motion for reconsideration is not only untimely,[4] but is also improper in form, as it seeks to present the court with evidence which was not before the court at the time of resolution of the motion for summary judgment. A motion for reconsideration does not allow a party to introduce new evidence or advance arguments that could and should have been presented to

---

[3]Plaintiff's objection suggested as curative measures either amendment of the complaint or assignment of the insurable interest of the remaining stockholders. The court believes it wiser and recommends that there be an assignment and that such be effected prior to the submission of this case to the jury.

[4]The time within which plaintiff would be required to respond to the motion for reconsideration does not expire until well after the January 20, 1998, date of commencement of trial.

the district court prior to the judgment.  <u>Aybar v. Crispin-Reyes</u>, 118 F.3d 10, 16 (1st Cir. 1997) (citations omitted).

Accordingly, the motion for reconsideration is herewith denied.

## 7. Defendants' Motion In Limine to Exclude Plaintiff's Evidence Regarding Diana Doyle's Death (document 115)

This is the motion adverted to in footnote 2, <u>supra</u>, and it warrants granting on the grounds of relevance and unfair prejudice pursuant to Rules 401 and 403, Fed. R. Evid.  <u>See</u> <u>supra</u> note 1.

## 8. Defendants' Motions to Require Jury to Return Special Verdicts (documents 119, 120, 124, 125)[5]

The court has already ruled that special verdicts will be utilized in this case.  <u>See</u> Pretrial Order of January 6, 1998, document 108, at 2, 3.  Accordingly, these motions are moot, but the court will consider in drafting the final special verdict forms the forms of special verdict attached to the motions.

---

[5]For reasons unclear, defendants have filed duplicative motions.  Documents 120 and 124 are the motions for special verdicts filed by defendant Wayne F. Hoyle, Sr., while documents 119 and 125 are the motions for special verdicts in behalf of defendant Hoyle Insurance Agency.

## 9.  Defendants' Motion to Strike Plaintiff's Claim for Trial by Jury as to Count I (document 122)

Count I of plaintiff's amended complaint seeks the recovery pursuant to the Massachusetts Consumer Protection Act, MASS. GEN. LAWS ch. 93A.  This motion, also discussed in the course of final pretrial (see document 108, at 3), seeks to strike plaintiff's suggestion that the jury should decide issues concerning this count of the complaint.

The motion must be granted, as there is no right to a jury trial on claims presented pursuant to chapter 93A.  Veranda Beach Club v. Western Surety Co., 936 F.2d 1364, 1386 (1st Cir. 1991).[6]

## 10.  Defendants' Motion for Partial Summary Judgment on Counts II-VI of the Amended Complaint (document 123)

Similar in scope as to untimeliness and content to the motion for reconsideration discussed under heading 6 above, this motion must be and herewith is denied for the same reason.[7]

---

[6]Nor does the court see any advantage in presenting special questions to the jury for the return of advisory verdicts concerning Count I.  As such advisory verdicts are not binding, they are of little assistance, and the court itself will rule on the right to recovery on Count I.

[7]Moreover, defendants' reliance on the opinion in Currier v. Insurance Co., 98 N.H. 366, 101 A.2d 266 (1953), is misplaced, as Currier has been questioned by the court which gave it birth. See Johnson v. Phenix Mut. Fire Ins. Co., 122 N.H. 389, 392, 445 A.2d 1097, 1098 (1982) ("While we question the result reached in Currier, we need not re-examine that decision because it does not control this case due to a divergence in material facts.").

## 11. Conclusion

For the reasons hereinabove outlined, the court has denied plaintiff's motion in limine to bar the testimony of defendants' expert witness (document 92); denied plaintiff's motion in limine to exclude evidence concerning the sale of the Union Street property (document 93); denied plaintiff's motion in limine to exclude evidence of the November 24, 1993, letter (document 94); granted plaintiff's motion in limine to exclude evidence concerning illness and death in the defendant's family (document 95); denied defendants' motion in limine limiting plaintiff's evidence on damages (document 104); granted defendants' motion for extension of time within which to file a motion for reconsideration, but denied said motion for reconsideration (document 109); granted defendants' motion in limine to exclude plaintiff's evidence regarding the death of Diana Doyle (document 115); ruled moot defendants' varied motions to require the jury to return special verdicts (documents 119, 120, 124, 125); granted defendants' motion to strike plaintiff's claim for jury trial as to Count I (document 122); denied defendants' motion for partial summary judgment on Counts II-VI of the amended complaint (document 123).

Since the time of pretrial, the second case in which jury selection was to be had on January 20, 1998, has been settled. This means that this case will now be the only case in which a jury will be selected on that date, and the trial will

accordingly go forward shortly after the completion of jury selection.

    SO ORDERED.


                        _____
                        Shane Devine, Senior Judge
                        United States District Court

January 14, 1998

cc:    Anthony L. Introcaso, Esq.
       Edward P. O'Leary, Esq.
       Edward M. Van Dorn, Jr., Esq.